UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAURA SOTO CASTRO, et al.,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Defendants. | Case No.: 3:25-cv-03808-CAB-KSC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 3.] |

On December 27, 2025, Rosaura Soto Castro, Mateo Brandi Soto and Daria Moe ("Plaintiffs") filed a complaint for declaratory and injunctive relief and violation of the Administrative Procedure Act ("APA") based on their belief that they may be detained at their upcoming adjustment of status interviews with United States Citizenship and Immigration Services ("USCIS") on January 7, 2026. [Doc. No. 1 at 11–12.] Plaintiffs additionally filed a motion for an *ex parte* emergency temporary restraining order ("TRO") and order to show cause regarding a preliminary injunction. [Doc. No. 3.] In both, Plaintiffs request that the Court enjoin Defendants from "arresting, detaining, or removing Plaintiffs in connection with their USCIS adjustment of status interview scheduled for January 7, 2026[.]" [Doc. No. 3 at 2.] For the following reasons, the Court **DENIES** the motion for an *ex parte* TRO.

A TRO, like all injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiffs must meet either the *Winter* test or the Ninth Circuit's "serious questions" test. Under the *Winter* standard, a party must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter*, 555 U.S. at 20. Under the Ninth Circuit's "serious questions" test, a "sliding scale variant of the *Winter* test, if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. For the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (internal quotation marks omitted) (emphasis in original).

Here, Plaintiffs have not satisfied either test because they have not shown that they are "*likely* to suffer irreparable harm in the absence of preliminary relief[.]" *See Winter*, 555 U.S. at 20 (emphasis added). They assert that "ICE has recently begun arresting individuals attending USCIC interviews for adjustment . . . creating a credible threat of arrest to Plaintiffs." [Doc. No. 1 at 11.] According to Plaintiffs, they "will suffer severe and irreparable harm if arrested at their January 7, 2026 interviews." [Doc. No. 3-1 at 14.] Beyond these general allegations, Plaintiffs do not cite to any actual policies, practices, or individualized communications demonstrating that *Plaintiffs* are likely to be illegally detained at their upcoming interviews. [*See generally* Doc. Nos. 1, 3.] Similarly, Plaintiffs do not cite any final agency action to form the basis of a claim under the APA, which permits judicial review of *final* agency action. *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990).

///

1  "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.  Thus, without more concrete or individualized facts about the likelihood of Plaintiffs' detention, the court will not enjoin Defendants based on speculation.  Plaintiffs' motion for an *ex parte* TRO is therefore **DENIED**.  Plaintiffs may pursue their underlying civil complaint by properly serving Defendants.

It is **SO ORDERED**.

Dated: January 5, 2026

Hon. Cathy Ann Bencivengo
United States District Judge